By the Court.—Sedgwick, Ch. J.
The case of Denton v. Noyes, 6 Johns. 296, has been approved by the highest court in this state, in particular by Brown v. Nichols, 42 N. Y. 26. Against such an approval the dissenting opinion in the latter case cited Robson v. Eaton, 1 Term. 62. This last case was an instance of a forged warrant of attorney; and Ferguson v. Crawford, 70 N. Y. 253, held that in such a case, no process having been served, the judgment was void.
In the present case, following Denton v. Noyes, the judgment was not void and was regular when entered; and the appropriate relief for the unauthorized appearance, is by an application to the court by which judgment was given, and the relief given by the court in its discretion, when the attorney appearing is insolvent, would be to allow the defendant to come in and plead. My opinion is that,in this action, the plaintiff could not be relieved of the judgment, as it was in the power alone of the court giving judgment to set aside the judgment. But if this proposition is not correct, the relief that should be given in the action, should be no greater than could be obtained in the court that gave the judgment,—that is, the defendant in the judgment, to entitle herself to relief, should show that she has a defence on the merits.
In my opinion there should be an affirmance of the judgment appealed from, with costs.